22-1123-cv
Moore v. Local 1095

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-three.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
MYRNA PÉREZ,
*Circuit Judges*.

------------------------------------------------------------------

RONNIE S. MOORE,

*Plaintiff-Appellant*,

v.                                                        No. 22-1123-cv

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL
EMPLOYEES LOCAL 1095,

*Defendant-Appellee*,

ERIE COMMUNITY COLLEGE,

*Consolidated-Defendant-Appellee*.

------------------------------------------------------------------

1

FOR PLAINTIFF-APPELLANT: Frank M. Bogulski, Buffalo, NY

FOR DEFENDANT-APPELLEE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 1095: Kenneth L. Wagner, Blitman & King LLP, Syracuse, NY

FOR CONSOLIDATED-DEFENDANT-APPELLEE ERIE COMMUNITY COLLEGE: Anthony Targia, Assistant County Attorney, *for* Jeremy C. Toth, Erie County Attorney, Erie County Department of Law, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Ronnie S. Moore sued the American Federation of State, County and Municipal Employees Local 1095 ("Local 1095") and Erie Community College ("ECC") for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and for breach of the duty of fair representation. A Magistrate Judge recommended granting summary

2

judgment in favor of the Defendants, and the United States District Court for the Western District of New York (Vilardo, J.) adopted the report and recommendation in full. Moore appeals the District Court's judgment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Moore, who identifies as an African-American male, was employed as a truck driver for Erie County beginning in 1993 and was, beginning in 2011, assigned to work at ECC. At all relevant times he was a member of Local 1095. Moore's job required a valid commercial driver's license ("CDL"). In February 2016, as part of a routine audit, ECC conducted license checks on 41 of its employees who were required to drive college-owned vehicles. ECC found that Moore and other employees lacked valid CDLs. ECC therefore suspended Moore without pay in March 2016 because he lacked a required job qualification and had improperly operated ECC vehicles without a CDL. Moore was then terminated from his position on April 8, 2016. After Moore was fired, Local 1095 initially filed a grievance on his behalf. When the grievance was denied, however, the union declined to submit it to arbitration, even though, Moore

claims, the union elected to arbitrate the grievances of some of its similarly situated Caucasian members.

Moore first argues that the District Court abused its discretion under Rule 56 of the Federal Rules of Civil Procedure when it denied his request to reopen discovery before granting summary judgment in favor of the Defendants. Rule 56(d) permits the district court to defer considering a summary judgment motion and allow further discovery if the nonmoving party submits an affidavit showing: "(1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (cleaned up). In arguing before the Magistrate Judge that additional time was needed to conduct discovery, Moore's counsel explained that he believed — mistakenly — that discovery would follow mediation, notwithstanding the District Court's contrary order that mediation "should not delay or defer other dates contained in the Scheduling Order and has no effect on the progress of the case toward trial." Dist. Ct. Dkt. No. 59. Moore also justified the need to reopen discovery by blaming the delay in

completing discovery on the COVID-19 pandemic and his counsel's pressing personal obligations. We, like the District Court, are not persuaded by Moore's arguments: By the time Local 1095 moved for summary judgment, the case had been pending for nearly four years, deadlines to complete discovery had already been extended several times,[1] and there was no indication that Moore had diligently pursued discovery. For these reasons, the District Court did not abuse its discretion in denying Moore's motion to reopen discovery.

Moore next argues that important factual disputes preclude summary judgment in Local 1095's favor. We reject this argument because Moore, the nonmoving party with respect to Local 1095's motion, failed to submit an opposing statement in response to Local 1095's statement of undisputed facts under Rule 56(c) and the Western District of New York's local rules. "When a

---

[1] The parties' initial case management plan, entered on May 21, 2019, required that discovery be completed by February 14, 2020 (notably before widespread disruptions due to the COVID-19 pandemic began). Dist. Ct. Dkt. No. 11 at 1. On February 14, 2020, Local 1095 filed a letter stating that Moore "ha[d] not responded to interrogatories and document requests that were served on September 25, 2019" because Moore's counsel "object[ed] to conducting discovery until the parties have engaged in mediation." Dist Ct. Dkt. No. 39 at 1. Discovery was then stayed in mid-March 2020 due to COVID-19, although the parties were permitted to exchange paper and electronic discovery during that time. Dist. Ct. Dkt. No. 52. In October 2020 a discovery deadline of January 29, 2021 was imposed, with dispositive motions due March 1, 2021. Dist. Ct. Dkt. No. 62 at 1. Moore did not file a motion to extend discovery during that time. Local 1095 filed its motion for summary judgment on March 1, 2021, as required by the District Court's case management plan.

party has moved for summary judgment on the basis of asserted facts supported as required by Fed. R. Civ. P. 56[(c)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." Glazer v. Formica Corp., 964 F.2d 149, 154 (2d Cir. 1992); see W.D.N.Y. L. Civ. R. 56(a)(2). Here, Moore failed to controvert Local 1095's Rule 56(c) statement that the union officials "focused only on proper factors" in determining whether to submit Moore's grievance to arbitration and that "there was no discussion of race or his past protected activity." Supp. App'x 49. The District Court was thus entitled to deem these facts as admitted and to conclude that they foreclosed, as a matter of law, Moore's claim that the union discriminated against him on the basis of race when it declined to submit his grievance to arbitration.

Finally, Moore has abandoned his challenge to the District Court's dismissal of his racial discrimination claim against ECC by failing to develop it, and we therefore affirm the grant of summary judgment as to that claim in favor of ECC. See Appellant's Br. 21. Moore also does not dispute any facts that would prevent summary judgment in ECC's favor.

6

We have considered Moore's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court